# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DONOVAN E. SIMPSON,

    Petitioner,

v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-4116
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.) Upon consideration, the Court finds the Motion is meritorious, and, therefore, it is **GRANTED.**

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so

appear, the petition must be dismissed. *Id*. For the reasons that follow, the undersigned **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4.

## I.

Petitioner challenges his underlying criminal convictions on aggravated arson and felonious assault. He asserts, as his sole claim for relief, that Respondent has failed to credit him for time he served under a "void sentence." (*Petition*, ECF No. 1-1, PAGEID # 7.) The case has a lengthy procedural history. The Ohio Fourth District Court of Appeals summarized the facts and procedural history as follows:

> In June 2001, a Franklin County jury found Simpson guilty of five counts of attempted murder and felonious assault, one count of aggravated arson, the lesser included offense of murder, and aggravated felony murder. The jury also found Simpson guilty of a death penalty specification because the aggravated murder was part of a course of conduct involving the purposeful killing or attempted killing of two or more persons. *State v. Simpson*, 10th Dist. Franklin No. 01AP-757, 2002-Ohio-3717, at ¶ 16. A mitigation hearing was held and the jury voted to impose a sentence of life imprisonment without parole eligibility for thirty years. The trial court sentenced Simpson on all counts to a total of 90 years in prison. *Id*. at ¶ 17.
>
> On appeal, the 10th District Court of Appeals affirmed the trial court's judgment in part, reversed it in part, and remanded the matter to the trial court for resentencing. Specifically, the court found the trial court failed to make the required findings to impose maximum and consecutive sentences. *Id*. at ¶¶ 106-107. At the re-sentencing, the trial court imposed discrete sentences for each of the convictions totaling a term of imprisonment of not less than 79 years and potentially life in prison. *Simpson v. Jackson*, 615 F.3d 421, 427 (6th Cir. 2010).
>
> In 2010, the Sixth Circuit Court of Appeals granted in part a habeas corpus petition filed by Simpson, holding that three statements Simpson gave to law enforcement officials and admitted at trial were obtained in violation of his *Miranda* rights. *Id*. The warden sought certiorari and the Supreme Court of the United States granted the petition, vacated the Simpson panel's judgment, and remanded the case for reconsideration in light of *Howes v. Fields*, 565 U.S. 499, 132 S.Ct. 1181 (2012) (imprisonment alone does not constitute custody for purposes of *Miranda* analysis). *Sheets v. Simpson*, 565 U.S. 1232, 132 S.Ct. 1632 (2012).
>
> The Sixth Circuit remanded the case to the district court and the district court determined that Howes did not affect the outcome of Simpson's case, issuing a partial habeas grant consistent with the 2010 panel's opinion. The district court

> vacated Simpson's convictions on aggravated murder, murder, and attempted murder subject to the State of Ohio commencing a re-trial within 90 days. The court denied the petition as to Simpson's convictions for aggravated arson and [five counts of] felonious assault, holding that Simpson serve the remainder of his sentences on those charges. *Simpson v. Jackson*, S.D. Ohio 2:06-cv-127, 2015 WL 1100733 (Mar. 11, 2015).
>
> Pursuant to the federal order, the Franklin County Common Pleas Court vacated Simpson's aggravated murder, murder, and attempted murder convictions. Ultimately, Simpson agreed to be resentenced in lieu of facing a second trial. *Simpson v. Jackson*, S.D. Ohio 2:06-cv-127, 2018 WL 1194359 (Mar. 6, 2018). On December 7, 2016, the Franklin County Court of Common Pleas re-sentenced Simpson. The court entered a *nolle prosequi* on counts one (murder), two (aggravated murder), three, four, five, six, and seven (five counts of attempted murder) of the indictment. The court also imposed a sentence of eight years as to count nine (felonious assault), eight years as to count ten (felonious assault), eight years as to count eleven (felonious assault), eight years as to count twelve (felonious assault), and eight years as to count thirteen (felonious assault). The court ordered that the sentences on counts eight (aggravated arson) and nine be served consecutively to one another, and that the sentences on counts ten, eleven, twelve, and thirteen be served concurrently with each other but consecutively to counts eight and nine, for a total of twenty-five years incarceration. The court further noted that "the sentence previously imposed on Count Eight remains undisturbed by this Court." The trial court found that Simpson had already served a total of 5,878 days of incarceration towards his sentence. *State v. Simpson*, Franklin Cty. Ct. of Common Pleas Case No. 00CR5064 (Judgment Entry of December 7, 2016). The Department of Rehabilitation and Correction has calculated a release date of October 27, 2025. See Warden's Exhibit A.

(*Decision and Judgment Entry*, ECF No. 1-1, PAGEID # 16-18.) On July 31, 2019, the appellate court granted the State's motion to dismiss Petitioner's state habeas corpus petition for failure to comply with the provisions of O.R.C. § 2725.04(D) and Ohio Civil Rule 10(A). (*Id.*) This Court cannot determine from the record whether Petitioner pursued an appeal to the Ohio Supreme Court.

## II.

In this action, Petitioner asserts that the Warden improperly refused to provide him credit for time served.

3

Even assuming, *arguendo*, that such a claim is properly before this Court, it nonetheless does not provide a basis for relief. "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *see also Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) ("Incarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation. However, the actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under [§ 2254]."). As one trial court explained:

> A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir.2003) (citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir.1991); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). This concept also applies to claims challenging the amount of jail credit applied (or not applied) to state sentences under state law; such claims are a matter of state law and are not cognizable on federal habeas review. *See Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."); *Hansend v. Lafler,* No. 1:10–CV–530, 2013 WL 5428726, at *12 (W.D. Mich., Sept.26, 2013) (recommending the denial of petitioner's request for jail credit for time served because such claim was a matter of state law and was not cognizable on federal habeas review). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

*Turner v. Moore*, No. 1:12-cv-683, 2014 WL 861196, at *14 (N.D. Ohio Feb. 5, 2014); *see also Pruitt v. Ohio Adult Parole Authority*, No. 1:14-cv-20, 2015 WL 1120002, at *12 n.4 (S.D. Ohio March 12, 2015). Thus, Petitioner's claim that he has not been properly credited for time served is not cognizable in these proceedings and does not warrant relief.

## III.

For the reasons set forth above, it is **RECOMMENDED** that the petition for a writ of habeas corpus be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE