IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONOVAN E. SIMPSON,

    Petitioner,

v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-4116
JUDGE EDMUND A. SARGUS
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On October 28, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed. (ECF No. 5.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation (ECF No. 6.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 6) is **OVERRULED**. The Report and Recommendation (ECF No. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** without prejudice as unexhausted.

The Court **DECLINES** to issue a certificate of appealability.

On March 11, 2015, this Court conditionally granted Petitioner's prior petition for a writ of habeas corpus, vacating his convictions on aggravated murder, murder and attempted murder subject to the State of Ohio commencing a re-trial within 90 days. *Simpson v. Jackson*, No. 2:06-cv-127, 2015 WL 1100733 (S.D. Ohio March 11, 2015), *affirmed by* 651 F. App'x 344 (6th Cir. 2016). On December 7, 2016, Petitioner agreed to be re-sentenced in lieu of facing a re-trial to an aggregate term of twenty-five years. The parties agreed that Petitioner would obtain credit

for a total of 5878 days incarceration. (*See Decision and Judgment Entry*, ECF No. 1-1, PAGEID # 16-18.) Petitioner, however, asserts that his sentence is illegal and void, that it expired in October 2017, and that the Warden has wrongfully denied him credit for time served. He objects to the Magistrate Judge's recommendation of dismissal of this claim as failing to provide a basis for relief. He further now also argues that his sentence violates due process and the Double Jeopardy Clause.

However, this action remains unexhausted. Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). In Ohio, this exhaustion requirement includes direct and delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 26 Ohio Misc. 149 (6th Cir. 1970). Petitioner does not indicate that he pursued a timely direct appeal. He may still pursue a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(A). Thus, this action is subject to dismissal on this basis. *See Summers v. Warden*, 2017 WL 412875, at *5 (S.D. Ohio Jan. 31, 2017) (citing *Keeley v. Warden, Belmont Correctional Institution*, No. 2:15-cv-00972, 2016 WL 1642965, at *5-6 (S.D. Ohio April 26, 2016); *Ortiz v. Wolfe*, No. 2:08-cv-94, 2009 WL 995622, at *5-6 (S.D. Ohio April 14, 2009)).

Moreover, as previously discussed, Petitioner's claim that the Warden has denied him appropriate credit for time previously served simply does not provide a basis for federal habeas

2

corpus relief. "A prisoner has no right under the federal constitution to earn or receive sentencing credits." *Grays v. Lafler*, 618 F.Supp.2d 736, 747 (W.D. Mich. 2008) (citing *Moore v. Hofbauer*, 144 F.Supp.2d 877, 882 (E.D. Mich.2001) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992)). "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). *See also Cool v. Miller*, No. 5:13-cv-1139, 2014 WL 11321655, at *3 (N.D. Ohio June 30, 2014) ("[T]he Sixth Circuit has recognized that '[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only.'") (citations omitted); *Turner v. Moore*, No. 1:12-cv-683, 2014 WL 861196, at *14 (N.D. Ohio Feb. 5, 2014); *Pruitt v. Ohio Adult Parole Authority*, No. 1:14-cv-20, 2015 WL 1120002, at *12 n.4 (S.D. Ohio March 12, 2015).

For these reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 13) is **OVERRULED**. The Report and Recommendation (ECF No. 12) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** without prejudice as unexhausted.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529

U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith such that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

12-12-2019
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

4